UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 6233 |
| vs. | ) | |
| | ) | Judge Feinerman |
| CITY OF CHICAGO, BETTY J. CRAYTON, Star. No. | ) | |
| 6119, J.L. TRAPP, Star No. 8473, R.A. ISAKSON, Star | ) | |
| No. 2548, R.M. NANNES, Star No. 16979, and C.R. | ) | |
| JACKSON, Star No. 3481, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Alonzo Cooper brought this suit against the City of Chicago and Chicago police officers

Betty J. Crayton, J.L. Trapp, R.A. Isakson, R.M. Nannes, and C.R. Jackson, alleging a Fourth

Amendment false arrest claim under 42 U.S.C. § 1983 and a malicious prosecution claim under

Illinois law. Doc. 1. Trapp, Nannes, and Jackson were voluntarily dismissed, leaving the City,

Crayton, and Isakson as the remaining defendants. Doc. 18. After discovery closed, Cooper

moved under Federal Rule of Civil Procedure 56(a) for summary judgment with respect to

liability on his Fourth Amendment claim. Doc. 25. The motion is denied.

**Background**

The facts are stated as favorably to Defendants as the record and Local Rule 56.1 permit.

On September 11, 2010, Cooper went to the 15th District Chicago Police Station to report that he

had been the victim of a crime. Doc. 32 at ¶ 5; Doc. 33 at ¶ 1. Officer Crayton, who was

working at the front desk, filled out a case incident report and told Cooper that a detective would

contact him later. Doc. 32 at ¶ 7; Doc. 33 at ¶¶ 2-4. His voice escalating, Cooper repeatedly

insisted on seeing a detective immediately. Doc. 32 at ¶ 7; Doc. 33 at ¶¶ 7-9. His demands

unmet, Cooper pointed his finger at Officer Crayton and said in a threatening tone, "I'll meet you

in the parking lot. What time do you get off?" Doc. 32 at ¶ 15; Doc. 33 at ¶ 25. Officer Crayton

feared for her safety and believed that Cooper intended to her harm. Doc. 32 at ¶ 9; Doc. 33 at

¶ 12.

Officers Jackson and Nannes were at the front desk and heard Cooper's statement. Doc.

33 at ¶¶ 13-14. Officer Nannes asked Cooper to repeat himself, which he did while again

pointing directly at Officer Crayton. Doc. 33 at ¶ 16. Sergeant Isakson heard the commotion

from another area of the station, entered the room where it was taking place, and was told what

Cooper had just done; Cooper then was arrested and charged with aggravated assault. Doc. 33 at

¶¶ 18-20, 23. On September 24, 2010, in the Circuit Court of Cook County, Illinois, the charge

was stricken with leave to reinstate. Doc. 32 at ¶ 45. This suit followed.

**Discussion**

Cooper has moved for summary judgment with respect to liability on his Fourth

Amendment false arrest claim. He contends that no reasonable jury could find that Defendants

had probable cause to arrest him. Defendants respond that summary judgment is inappropriate

because, viewing the facts as favorably to them as the record permits, there was probable cause

for the arrest. Defendants are right.

To prevail on his Fourth Amendment false arrest claim, Cooper must demonstrate that he

was arrested without probable cause. *See McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009)

("Probable cause is an absolute bar to a § 1983 claim for false arrest."). "A police officer has

probable cause to arrest if a reasonable person would believe, based on the facts and

circumstances known at the time, that a crime had been committed." *Ibid*.; *see also Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009) ("A police officer has probable cause to arrest a person if, at the time of the arrest, the 'facts and circumstances within the officer's knowledge … are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'") (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). "Probable cause is a common-sense determination, measured under a reasonableness standard. … It is an objective test, based upon factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Humphrey v. Staszak*, 148 F.3d 719, 726 (7th Cir. 1998) (internal quotation marks omitted). "Prescience is not required of the officers. Instead, courts must focus on the real world situation as known to the officer [when the arrest was made]. The question is whether they had a reasonable belief …." *United States v. Reed*, 443 F. 3d 600, 603 (7th Cir. 2006). "The probable cause determination must be made by a jury if there is room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them." *Chelios v. Heavener*, 520 F.3d 678, 686 (7th Cir. 2008) (internal quotation marks omitted).

Although Cooper's false arrest claim sounds in the Fourth Amendment, "[w]hether an officer is authorized to make an arrest ordinarily depends, in the first instance, on state law. … Federal law asks only whether the officers had probable cause to believe that the predicate offense, as the state has defined it, has been committed." *Williams v. Jaglowski*, 269 F.3d 778, 782 (7th Cir. 2001) (internal quotation marks omitted). Defendants contend that there was probable cause to arrest Cooper for aggravated assault, the crime with which he was charged. At the time, Illinois law defined assault to be "conduct which places another in a reasonable

apprehension of receiving a battery." 720 ILCS 5/12-1(a) (amended 2011).  The offense is

elevated to aggravated assault when the perpetrator knows the individual assaulted to be a peace

officer "performing his or her official duties."  720 ILCS 5/12-2(b)(4)(i) (amended 2011).

According to the Seventh Circuit, a necessary ingredient of assault is "(1) a threatening *gesture*,

or an otherwise innocent gesture made threatening by the accompanying words, that (2) creates a

reasonable apprehension of an *imminent* battery."  *Kijonka v. Seitzinger*, 363 F.3d 645, 647 (7th

Cir. 2004); *see also Blanco v. Farley*, 2011 WL 289435, at *2  (N.D. Ill. Jan. 27, 2011) ("a

verbal threat … cannot constitute an assault because it lacks both a gesture and imminence").

Cooper contends that there indisputably was no probable cause to arrest him for

aggravated assault because he did not make a threatening gesture.  Viewed in the light most

favorable to Defendants, however, the record would permit a reasonable jury to find that a

reasonable officer could have believed that a threatening gesture was made.  Pointing one's

finger at another certainly is a gesture.  It is true that pointing is not inherently threatening—no

threat is conveyed, for example, when a speaker points to a particular audience member while

taking questions after a speech.  But *Kijonka* recognizes that "an otherwise innocent gesture [can

be] made threatening by … accompanying words," *Kijonka*, 363 F.3d at 647, and a jury

reasonably could conclude that Cooper's pointing at Officer Crayton was made threatening by his

saying "I'll meet you in the parking lot.  What time do you get off?"  *See People v. Ward*, 707

N.E.2d 130, 138 (Ill. App. 1998) (holding that there was probable cause to arrest the defendant

for assault where he uttered a threat while standing with his "arms back"); *Abbott v. Sangamon

Cnty.*, 2011 WL 5244259, at *5 (C.D. Ill. Nov. 3, 2011) (holding that there was probable cause to

arrest the plaintiff for assault where he uttered a threat while making a fist).

Citing *Kijonka*'s holding that "[a] merely verbal threat of indefinite action in the indefinite future is not an assault," Cooper also contends that his actions indisputably did not give rise to "a reasonable apprehension of an *imminent* battery." *Kijonka*, 363 F.3d at 647. Cooper is wrong. Taken in the context of his heated exchange with Officer Crayton, Cooper's words—"I'll meet you in the parking lot. What time do you get off?"—could have suggested to a reasonable officer that Cooper would physically confront Officer Clayton, not at some indefinite point in the future, but precisely when she left the station later that day. Or at least a reasonable jury could so conclude. *See Chelios*, 520 F.3d at 678 (holding that "[t]he probable cause determination must be made by a jury if there is room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them") (internal quotation marks omitted).

Because a reasonable jury could find that there was probable cause to arrest Cooper for aggravated assault, there is no need to consider Defendants' alternative argument, which is that a reasonable jury also could find that there was probable cause to arrest Cooper for intimidation. That said, a reasonable jury could so find. It does not matter that Cooper was not charged with intimidation. "The existence of probable cause to arrest a suspect for any offense, even one that was not identified by the officers on the scene or in the charging documents, will defeat a Fourth Amendment false-arrest claim." *Sroga v. Weiglen*, 649 F.3d 604, 608 (7th Cir. 2011); *see also Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007) (same).

At the time of Cooper's arrest, Illinois law defined criminal intimidation as follows:

> (a) A person commits intimidation when, with intent to cause another to
> perform or to omit the performance of any act, he communicates to another,

whether in person, by telephone or by mail, a threat to perform without lawful authority any of the following acts:

(1) Inflict physical harm on the person threatened or any other person or on property ….

720 ILCS 5/12-6(a)(1) (amended 2011). "The purpose of the intimidation statute is to prohibit the making of specified threats intended to compel a person to act against the person's will, and the gravamen of the offense of intimidation is the exercise of improper influence, the making of a threat with the intent to coerce another." *People v. Byrd*, 673 N.E.2d 1074, 1075 (Ill. App. 1996); *see also United States v. McNeal*, 77 F.3d 938, 943 (7th Cir. 1996) (same). "Intent may be deduced by the trier of fact from the facts and circumstances surrounding the offense." *Byrd*, 673 N.E.2d at 1075. Here, viewing the record and drawing inferences in Defendants' favor, a reasonable jury could conclude that a reasonable officer could have believed that Cooper threatened to inflict physical harm on Officer Crayton in order to coerce her to consent to his demand to see a detective. As noted above, the record supports Defendants' submission that Cooper tried to persuade Officer Crayton to allow him to meet with a detective, that he became agitated after she did not comply, and that he then said, "I'll meet you in the parking lot. What time do you get off?" From this sequence of events, a reasonable jury could find that there was probable cause to believe that Cooper had committed intimidation. *See Long v. McDermott*, 2005 WL 309552, at *3-4 (N.D. Ill. Feb. 8, 2005) (holding that there was probable cause to arrest the plaintiff for intimidation where he told a police officer scheduled to testify against him, "You are a joke; I am going to get you.").

**Conclusion**

For the foregoing reasons, Cooper's motion for summary judgment regarding liability on his Fourth Amendment claim is denied.

September 14, 2012

_____
United States District Judge